**In Re 1984 Saab Automobile**
**Case No. C-880786**
**Hamilton County, (1st)**
**Decided February 28, 1990**
[Cite as 1 AOA 18]

*Arthur M. Ney, Jr., Prosecuting Attorney, and William E. Breyer, Esq., 420 Hamilton County Courthouse, Court and Main Streets, Cincinnati, Ohio 45202, for Appellant Hamilton County Prosecuting Attorney,*

*Richard A. Castellini, City Solicitor, and Kim L. Wilson, Esq., Room 214, City Hall, Cincinnati, Ohio 45202, for Appellee City of Cincinnati.*

*PER CURIAM.*

This cause came on to be heard upon the appeal, the transcript of the docket, journal entries and original papers from the Court of Common Pleas of Hamilton County, Ohio, the transcript of the proceedings, the briefs and the oral arguments of counsel.

On November 20, 1987, following the execution of a search warrant, police officers employed by appellee City of Cincinnati arrested Tyrone and Lisa Ivy on drug charges. At the time of the arrests, the officers seized certain property belonging to the Ivys, including a 1984 Saab automobile, jewelry, and $3,147 in cash. The Ivys were subsequently convicted in the Hamilton County Common Pleas Court of various drug offenses.

Appellant Hamilton County Prosecuting Attorney filed a petition for forfeiture of the seized items pursuant to R.C. 2933.43, on May 5, 1988. The trial court entered an order June 16, 1988, forfeiting the seized property to the City of Cincinnati Police Department and the Hamilton County Prosecutor's Office. On July 22, 1988, the Prosecutor filed a "motion for the court to determine an equitable distribution of forfeited contraband," requesting that the trial court divide the proceeds from the sale of the seized property between the Cincinnati Police Department and the Hamilton County Prosecutors's Office.[1] Further, the Prosecutor requested the trial court to make the proceeds of the sale of the forfeited property subject to execution for payment of the fines and costs incurred in the criminal prosecutions of Tyrone and Lisa Ivy.

Following a hearing, the trial court overruled the Prosecutor's motion for an equitable distribution of the forfeited property, holding that, pursuant to R.C. 2933.43, the sole seizing law enforcement agency was the Cincinnati Police Department, and therefore

that the Prosecutor's Office was not entitled to a share of the forfeited assets. Further, the court ruled that the forfeited assets could not be used to pay the fines and costs incurred in the criminal prosecutions of Tyrone and Lisa Ivy. The court ordered that the proceeds of the sale of the forfeited property be distributed pursuant to R.C. 2933.43(D), which provides, *inter alia*, for the payment of the costs of the forfeiture proceedings from the proceeds of the sale of the forfeited property. The Prosecutor thereafter timely appealed.

Appellant's sole assignment of error alleges the trial court erred in overruling the motion for an equitable distribution of the forfeited property. Appellant argues that the trial court erred in holding that the Hamilton County Prosecutor's Office is not a seizing agency pursuant to R.C. 2933.43 and that, therefore, it is not entitled to receive a portion of the proceeds from the sale of the forfeited property. Appellant argues that the Prosecutor's Office is a seizing agency by virtue of the active role assigned to it in any forfeiture proceeding. Further, appellant argues that the court erred in determining that the proceeds from the sale of the forfeited property may not be used to defray the fines and costs incurred in the criminal prosecutions of the Ivys.

R.C. 2933.43 provides in pertinent part:

(A)(1) Except as provided in this division, a law enforcement officer shall seize any contraband that has been, is being, or is intended to be used in violation of division

(A) of section 2933.42 of the Revised Code.[2]
* * *
(C) Upon the seizure of contraband pursuant to division (A) of this section, the prosecuting attorney * * * who has responsibility for the prosecution of the underlying criminal case * * * shall file a petition for the forfeiture, to the seizing law enforcement agency, of the seized contraband.
* * *

(D) * * * If the contraband is sold, the proceeds of the sale shall be disposed of in the following order:
(1) To the payment of the costs incurred in the forfeiture proceedings;
(2) To the payment of the balance due on any security interest preserved pursuant to division (C) of this section;

(3) To the payment of any costs incurred by the seizing agency in connection with the storage, maintenance, security, and forfeiture of the property;
(4) To the law enforcement trust fund of the political subdivision whose agency made the seizure.
* * *

R.C. 2933.43 clearly makes a distinction between the seizure of property and the forfeiture of property. The seizure of the property in the instant case occurred at the time the Ivys were arrested. The forfeiture of the property occurred on June 16, 1988, when the trial court entered the order of forfeiture. The statute also distinguishes between the prosecuting attorney and the seizing law enforcement agency. R.C. 2933.43(C) mandates that, upon seizure of the contraband, the prosecuting attorney file a petition for the forfeiture of the contraband to the seizing law enforcement agency. We find that the Prosecutor's Office is not a seizing agency merely by virtue of its statutory duty in forfeiture proceedings to present the case in favor of the governmental entity claiming entitlement to the property in question. The trial court was correct in holding that the Cincinnati Police Department is the sole seizing agency in the instant case.

Further, R.C. 2933.43(D) does not provide for the use of the proceeds of the sale of the forfeited property to satisfy the fines and costs incurred in the underlying criminal prosecutions. Pursuant to R.C. 2933.43(D)(1), the proceeds of the sale of the forfeited property are to be used to pay the costs of the forfeiture proceeding. The trial court correctly ordered that the proceeds of the sale of the forfeited property be distributed in accordance with R.C. 2933.43(D). Appellant's assignment of error is overruled. The judgment of the trial court is affirmed.

SHANNON, P.J., DOAN and GORMAN, JJ.

---

[1] Apparently, there is an informal agreement between the Cincinnati Police Department and the Hamilton County Prosecuting Attorney under which the Police Department has received ninety percent and the Prosecutor's Office has received ten percent of the proceeds of the sale of forfeited property. In this case, the Prosecuting Attorney filed the motion for equitable distribution requesting a greater portion of the forfeited assets.

[2] R.C. 2933.42(A) provides:

> No person shall possess, conceal, transport, receive, purchase, sell, lease, rent, or otherwise transfer any contraband.